UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

Ronald Ingraham,

    Plaintiff,

v.

Capital Link Management, LLC

    Defendant.
_____/

Case No. _____

*Ad Damnum:* 9,500 + Atty Fees & Costs

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ronald Ingraham, ("Mr. Ingraham"), by and through his undersigned counsel and complains of the Defendants, Capital Link Management, stating as follows:

**PRELIMINARY STATEMENT**

This is an action brought by Mr. Ingraham against Defendant, Capital Link Management (CLM), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction for Mr. Ingraham's FDCPA claims arise under the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

2. Subject matter jurisdiction for Mr. Ingraham's TCPA claims arise under the TCPA, 47 U.S.C. § 227(g)(2), and 28 U.S.C. §1331.

3. Supplemental jurisdiction for Mr. Ingraham's FCCPA claims arise under 28 U.S.C. § 1367

4. The Defendants are subject to the provisions of the FDCPA, TCPA, and FCCPA, and are subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this cause of action occurred in this District.

## PARTIES

6. Mr. Ingraham is a natural person who at all times relevant resided in Miami, Miami-Dade County, Florida and is a *consumer* as defined by the FDCPA and the FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively.

7. CLM is registered as a foreign limited liability company in Florida with a principal business address of 50 Alcona Avenue, Amherst, NY 14226.

8. CLM is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("CCA"), holding license number CCA9904178. See Plaintiff's Exhibit A.

9. As a licensed CCA registered to do business in Florida, CLM knows, or should know, the requirements of the FDCPA and FCCPA.

10. The Defendant is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use instrumentalities of commerce, including postal mail, interstate and within the State of Florida, for their business, the principal purpose of which is the collection of debts;

and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or asserted to be owed another.

## FACTUAL ALLEGATIONS

### The Debt

11. Mr. Ingraham allegedly obtained a loan (the "Debt") from an internet-based payday loan company called Green Gate Services, LLC ("GGS").

12. The loan from which the Debt arose was a *payday* loan – a short-term, unsecured loan which carried an interest rate in excess of 600 percent annually, which exceeds the threshold of usury pursuant to Florida statutes by more than a factor of 10.

13. The Debt arose from a loan primarily for family, personal, and household purposes, specifically a payday loan for personal purposes, and meets the definitions of "debt" under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

14. Mr. Ingraham disputes owing the Debt.

### Green Gate Services, LLC (GGS)

15. GGS is an online "payday lender" operating from the website: www.greengateservices.com.

16. GGS provided Mr. Ingraham a loan at an interest rate of 651%. See Plaintiff's Exhibit B.

17. Pursuant to Section 687.02(1), Florida Statutes, all contracts for the payment of interest upon any loan, advance of money, line of credit, or forbearance to enforce the collection of any debt, or upon any obligation whatsoever, at a higher rate of interest than the equivalent of 18 percent per annum simple interest is usurious and in violation of the law.

18. Section 687.071, Florida Statutes, renders the issuing of a loan with annual interest rates greater than 45% a felony.

19. Pursuant to Section 687.071(7), Florida Statutes, no loan made in violation of this statute shall be an enforceable debt in the State of Florida.

20. Florida's usury statutes, like those of other states, are designed to "protect against the oppression of debtors through excessive interest charged by lenders." *Sheehy v. Franchise Tax Bd.*, 84 Cal.App.4th 280, 283, 100 Cal. Rptr. 2d 760 (2000).

21. Any person who willfully makes such a loan, in addition to criminal sanctions, forfeits the right to collect payment of the loan, as such loans are "void as against the public policy of the state as established by its Legislature." *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935).

22. Further, GGS was never licensed by the Florida Office of Financial Regulation to act as a payday lender, nor was it a federally chartered bank, nor did it hold any kind of regulatory license.

23. The loan from which the Debt arose charged fees in excess of 600% and is therefore unenforceable under Florida law.

24. The debt is thus unenforceable against Mr. Ingraham.

**Transfer of the Debt to CLM**

25. On or before May 2022, the Debt was purchased by CLM.

26. At the time CLM purchased the Debt, the alleged balance was $1,375. Subsequent to its purchase, CLM asserted an outstanding amount of $1,680.00 against Mr. Ingraham.

27. When CLM agreed to purchase the Debt from GGS, they were well aware of the illegal provenance of the Debt – that it originated from an unlicensed online lender which originated loans at interest rates far in excess of 600% annually, and they knew the loans were in no way enforceable against Florida residents, such as Mr. Ingraham.

28. The Defendant purchased the Debt, despite knowledge of its unenforceability and illegality, for the express purpose of attempting to collect the Debt from Mr. Ingraham using false threats, harassment, intimidation, and other similar collection methods.

29. A large percentage of the debts CLM purchases are from GGS and other similar online loansharks.

30. These charged-off loans are often purchased for pennies on the dollar, and, generally, are obtained by unsophisticated consumers who are unlikely to be aware of their legal rights and even less likely to know the debts are not enforceable against them.

31. Following its purchase of the Debt, CLM attempted to collect the Debt from Mr. Ingraham.

32. CLM contacted Mr. Ingraham on at least five (5) occasions seeking payment of the Debt:

    a. On May 25, 2022, CLM sent Mr. Ingraham a text message stating, "Ronald Ingraham, your Green Gate Services LLC account was transferred to our Pre Legal Collections Team. Balance is $1,680.00. Close your account for $588.00, or set up a hardship payment plan. Please call: 1-833-524-3202. Disclosure This may begin to negatively impact your credit. This communication from a debt collector and any information obtained may be used for such purposes."

b. On June 21, 2022, CLM sent Mr. Ingraham a text message stating, "Ronald Ingraham, your greengateloan.com account has a balance of $1,680.00. We can close the loan for a one time payment of $840.00. To make a payment please call: 1-833-524-3202. Disclosure: This communication from a debt collector and any information obtained may be used for such purposes."

c. On June 27, 2022, CLM contacted Mr. Ingraham via phone on 2 separate occasions using different phone numbers: (716) 270-1827 and (585) 565-8310.

d. On June 29, 2022 CLM contacted Mr. Ingraham via phone using the phone number: (855) 714-2852.

**Failure to Comply with Section 559.715, Florida Statutes**

33. Section 559.715, Florida Statutes requires that the assignee of a consumer debt give the debtor written notice of the assignment thirty (30) days prior to any action taken to collect the debt.

34. The Defendant never sent Mr. Ingraham notice of assignment of the Debt.

35. Mr. Ingraham has hired the undersigned law firm to represent his interest in this matter and has assigned his right to collect fees and costs to the firm.

**COUNT I: VIOLATIONS OF THE FDCPA**

36. Mr. Ingraham adopts and incorporates paragraphs 1 through 35 as if fully stated herein.

37. The Defendant violated 15 U.S.C § 1692 when it made false representations regarding the character or legal status of the Debt by representing that the Debt was valid and legally enforceable against Mr. Ingraham when the Debt was void as usurious under Florida law.

38. The Defendant violated 15 U.S.C. § 1692e and 1692e(10) when they used false, deceptive, and misleading representations in connection with the collection of a debt by falsely representing that the Debt was legally enforceable when it was usurious and not enforceable, and by attempting to collect the Debt at all prior to the notification of assignment of debt legally required by Florida statutes.

39. The Defendant violated 15 U.S.C. § 1692e(5) when they threatened action which could not legally be taken; specifically, the collection of debt rendered void under Florida law.

40. CLM's actions were willful, intentional, and representative of its regular business practices.

**WHEREFORE,** Mr. Ingraham respectfully requests this Honorable Court enter judgment against CLM for:

   a. Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A)

   c. Reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

   d. Such other relief that this Court deems just and proper.

### COUNT II: VIOLATIONS OF THE FCCPA

41. Mr. Ingraham adopts and incorporates paragraphs 1 through 40 as if fully restated herein.

42. The Defendant violated Section 559.72(5), Florida Statutes, when it communicated information regarding the subject to a credit reporting agency when they knew the debt was illegitimate and unenforceable due to: (a) the application of an illegally high interest rate on the principal amount of the Debt; (b) the fact that GGS was never licensed as a

deferred presentment provider in the State of Florida; and, (c) their attempt to collect a debt prior to complying with the FCCPA's requirement of notice of assignment of debt.

43. The Defendant violated Section 559.72(9), Florida Statutes, when it asserted legal rights that do not exist; specifically, the right to collect a debt from Mr. Ingraham when they knew that the subject debt was illegitimate and unenforceable due to: (a) the application of an illegally high interest rate on the principal amount of the Debt; (b) the fact that GGS was never licensed as a deferred presentment provider in the State of Florida; and, (c) their attempt to collect a debt prior to complying with the FCCPA's requirement of notice of assignment of debt.

44. The Defendant violated Section 559.72(9), Florida Statutes, when it asserted that the Debt was legitimate despite knowledge to the contrary and when it indicated the debt was "transferred" to CLM's "Pre Legal Collection Team" as if to imply that legitimate legal action would or could be taken with regard to the subject debt.

45. CLM's actions were willful, intentional, and demonstrates a reckless disregard for Mr. Ingraham's rights under federal and Florida law.

WHEREFORE, Mr. Ingraham respectfully request this Honorable Court enter judgment for him against the Defendant for:

   a. Statutory damages of $1,000.00 purusant to Section 559.77(2), Florida Statutes;

   b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Injunctive relief preventing the Defendants from attempting to collect the alleged debt from Mr. Ingraham pursuant to Section 559.77(2), Florida Statutes;

   d. Punitive damages for Defendant's intentional flagrant violations of the FCCPA, pursuant to Section 559.77(2), Florida Statutes;

   e. Reasonable costs and attorney's fees pursuant to Section 559.77(2), Florida Statutes; and,

   f. Such other relief that this Court deems just and proper.

## COUNT III: VIOLATIONS OF THE TCPA

46. Mr. Ingraham adopts and incorporates paragraphs 1 through 43 as if fully restated herein.

47. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when it willfully and/or knowingly contacted Mr. Ingraham on his cellular telephone on at least five (5) occasions without having first obtained Mr. Ingraham's prior consent.

WHEREFORE, Mr. Ingraham respectfully request this Honorable Court enter judgment for her against the Defendant for:

   a. Statutory damages of $7,500.00 pursuant to 47 U.S.C. § 227(b)(3);

   b. Injunctive relief preventing the Defendants further contacting the Plaintiff pursuant to 47 U.S.C. § 227(b)(3); and,

   c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Ingraham demands a jury trial on all issues so triable.

Respectfully submitted on August 24, 2022, by:

/s/*Jerome Ramsaran*            .
Jerome Ramsaran, Esq.
Fla. Bar No. 112703
jerome@ramsaranlawgroup.com

JEROME RAMSARAN, P.A.
12550 Biscayne Blvd., Suite 800
North Miami, FL 33181
(888) 423-9393
Counsel for Plaintiff

Exhibits:
A. CLM's Florida Consumer Collection Agency License Record
B. October 23, 2017 Loan Terms from GGS