UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22691-BLOOM/Otazo-Reyes

RONALD INGRAHAM,

 Plaintiff,

v.

CAPITAL LINK MANAGEMENT LLC,

 Defendant.
_____/

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Ronald Ingraham's ("Plaintiff") Motion for Final Default Judgment, ECF No. [11] (the "Motion"). A Clerk's Default, ECF No. [8], was entered against Defendant Capital Link Management LLC ("Defendant") on October 7, 2022, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted in part an denied in part.

 **I.** **BACKGROUND**

 Plaintiff obtained an interest-based payday loan at an interest rate of $651% from an internet-based company called Green Gate Services, LLC ("GGS"). ECF No. [1] at ¶ ¶ 11-12, 16. On or before May of 2022, Defendant purchased the debt Plaintiff owed on the loan from GGS. Id. at ¶ 25. Defendant knew that the debt was unenforceable and illegal because it originated from an unlicensed online lender which originated loans at interest rates in excess of 600% which were

not enforceable against Florida residents. *Id*. at ¶¶ 27-28. Defendant contacted Plaintiff on at least five occasions seeking payment of the debt. *Id*. at ¶ 32.

Plaintiff initiated this case on August 24, 2022, asserting claims against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") ("Complaint"), ECF No. [1]. On September 2, 2022, Plaintiff effectuated service of process on Defendant at the address of its registered agent. ECF No. [5]. Defendant failed to respond or otherwise plead to the Complaint.

After the Clerk entered a default against Defendant, ECF No. [8], Plaintiff filed the present Motion, seeking statutory damages under 15 U.S.C. § 1692k(a)(2)(A), Section 559.77(2), Florida Statutes, and 47 U.S.C. § 227(b)(3), and attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) and Section 559.77(2), Florida Statutes.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

"Even though well-pleaded facts in the complaint are deemed admitted, 'plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court

must determine both the amount and character of damages.'" *Cain v. Consumers Sols. Grp., LLC*, No. 2:16-CV-2031-VEH, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting *Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Commercial Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 (11th Cir. 2005)).

## III.   DISCUSSION

### A. FDCPA and FCCPA Violations

Plaintiff's Complaint alleges that Defendant engaged in conduct in violation of provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(5), 1692e(10), and of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72(5). *See generally* ECF No. [1]. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692(e). With particularity, a debt collector may not give or create a "false impression of…the character, amount, or legal status of any debt." 15 U.S.C § 1692e(2)(A). Additionally, a debt collector may not make "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C § 1692e(10). Moreover, a debt collector may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C § 1692e(5). To establish a violation of the FDCPA, a plaintiff must prove: (1) []he has been the object of collection activity arising out of consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant

engaged in an act or omission prohibited by the FDCPA. *Ambroise v. Am. Credit Adjusters, LLC*, No. 15-22444-CIV, 2016 WL 6080454, at *2 (S.D. Fla. Mar. 22, 2016) (citations omitted). The FCCPA is modeled after the FDCPA, and it prohibits similar conduct by debt collectors. Among other things, the FCCPA prohibits debt collectors from attempting to enforce a debt that they know is illegitimate or asserting the existence of a legal right that they know does not exist. Alvarado v. Featured Mediation, LLC, No. 8:16-CV-3259-T-30JSS, 2017 WL 1552248, at *2 (M.D. Fla. May 1, 2017) (awarding $500 per TCPA violation, dismissing the FDCPA claim as time barred, and declining to award statutory damages under the FCCPA (citing Fla. Stat. § 559.72(9))).

Upon review of allegations in the Complaint, the Court finds a sufficient basis to enter default judgment in Plaintiff's favor. Plaintiff's unopposed allegations state that Plaintiff is a consumer, Defendant is a debt collector, and Defendant attempted to collect upon a debt it knew to be unenforceable by representing that the debt was valid and legally enforceable against Plaintiff despite knowing that the debt was illegitimate and unenforceable in violation of multiple subsections of 15 U.S.C § 1692e. ECF No. [1] ¶ ¶ 37 – 39, 42.

Plaintiff further alleges that Defendant violated Fla. Stat. § 559.72(9) when it asserted legal rights it knew did not exist; specifically, the right to collect a debt Plaintiff when they knew that the subject debt was illegitimate and unenforceable due to: (a) the application of an illegally high interest rate on the principal amount of the debt; (b) the fact that GGS was never licensed as a deferred presentment provider in the State of Florida; and, (c) their attempt to collect a debt prior to complying with the FCCPA's requirement of notice of assignment of debt. *Id*. at ¶ 43. Moreover, in accordance with the Complaint's allegations, Defendant persisted in its violation of Fla. Stat. § 559.72(9) by indicating to Plaintiff that the debt was transferred to its "Pre Legal Collection

Team," as if implying that legitimate legal action could or would be taken against Plaintiff regarding the alleged debt. *Id*. at ¶ 44.

Because Defendant failed to appear in this case, it has admitted the truth of these allegations by default. Moreover, after reviewing the Complaint, the Court finds Plaintiff's allegations to be well pled and sufficient to establish Defendant's liability for violations of the FDCPA and the FCCPA.

Plaintiff also seeks statutory damages in the amount of $1,000.00 for Defendant's violations of the FDCPA and $1,000.00 for its violations of the FCCPA. A consumer who brings a successful claim under the FDCPA or the FCCPA is entitled to an award of statutory damages in such an amount as the Court may allow, up to $1,000.00. 15 U.S.C. § 1692k; Fla. Stat. § 559.77(2). Under both statutes, "[t]he decision whether to award statutory damages . . . and the size of the award are matters committed to the sound discretion of the district court." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *9 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (quoting authority omitted).

"In the instant case, the nature and extent of Defendant's actions warrant the maximum award of statutory damages." *Smith v. Royal Oak Fin. Servs., Inc.*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290153, at *5 (M.D. Fla. June 18, 2012), *report and recommendation adopted*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290151 (M.D. Fla. Aug. 13, 2012); *see also Sandler v. Michael Maxwell Grp., LLC*, No. 6:19-CV-1688-Orl-41GJK, 2019 WL 7461690, at *4 (M.D. Fla. Dec. 13, 2019) (recommending maximum statutory damages where "Plaintiff has established multiple violations of the FDCPA and the FCCPA"), *report and recommendation adopted*, No. 6:19-CV-1688-Orl-41GJK, 2020 WL 42867 (M.D. Fla. Jan. 3, 2020); *Beltran v. First US Capital, LLC*, No.

8:17-CV-1722-T-33AAS, 2017 WL 5889755, at *2 (M.D. Fla. Nov. 29, 2017) (concluding that the numerous violations of the FDCPA warranted an award for the maximum amount of statutory damages); *Selby v. Christian Nicholas & Assocs., Inc.*, No. 3:09-CV-121-J-34JRK, 2010 WL 745748, at *3 (M.D. Fla. Feb. 26, 2010) (awarding $1000.00 in statutory damages based on that defendant's repeated improper actions in violation of the FDCPA).

Further, "by failing to respond to the instant Motion, Defendant declined the opportunity to challenge both the grant and the amount of the statutory award." *Figueroa v. Maximum Recovery Sols., Inc.*, No. 12-60098-CIV, 2012 WL 13134301, at *6 (S.D. Fla. Dec. 12, 2012); *see also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (noting that "Defendant through its default and non-appearance has not provided any basis for concluding that an amount less than the statutory maximum is appropriate"). Here, the Court concludes that Plaintiff should be awarded $2,000.00 in statutory damages requested under the FDCPA and FCCPA. *See Smith*, 2012 WL 3290153, at *5.

### B. TCPA Violations

The TCPA makes it "unlawful for any person within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

Upon review of the Complaint, the Court does not find sufficient basis to enter default judgment in Plaintiff's favor. Plaintiff's unopposed allegations state that Defendant, in the course

of attempting to collect upon a debt in violation of both federal and state law, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) when it willfully and/or knowingly contacted Mr. Ingraham on his cellular telephone on at least five (5) occasions without having first obtained Mr. Ingraham's prior consent. ECF No. [1] at ¶ 47. Specifically, the Complaint sets forth that:

> a.   On May 25, 2022, CLM sent Mr. Ingraham a text message stating, "Ronald Ingraham, your Green Gate Services LLC account was transferred to our Pre Legal Collections Team. Balance is $1,680.00. Close your account for $588.00, or set up a hardship payment plan. Please call: 1-833-524-3202. Disclosure This may begin to negatively impact your credit. This communication from a debt collector and any information obtained may be used for such purposes."
> b.   On June 21, 2022, CLM sent Mr. Ingraham a text message stating, "Ronald Ingraham, your greengateloan.com account has a balance of $1,680.00. We can close the loan for a one time payment of $840.00. To make a payment please call: 1-833-524-3202. Disclosure: This communication from a debt collector and any information obtained may be used for such purposes."
> c.   On June 27, 2022, CLM contacted Mr. Ingraham via phone on 2 separate occasions using different phone numbers: (716) 270-1827 and (585) 565-8310.
> d.   On June 29, 2022 CLM contacted Mr. Ingraham via phone using the phone number: (855) 714-2852.

*Id*. at ¶ 32. The Complaint fails to set out any facts to support a claim that the calls were made using an automatic telephone dialing system or an artificial or prerecorded voice. As such, the Complaint fails to sufficiently allege a violation of the cited section of the TCPA, and default judgment is not appropriate for Plaintiff's claims arising under the TCPA.

### C. Attorneys' Fees and Costs

#### i.   Attorneys' Fees

Finally, Plaintiff seeks attorneys' fees and costs. "The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a 'reasonable attorney's fee as determined by the court.'" Moton v. Nathan & Nathan, P.C., 297 Fed. Appx. 930, 931 (11th Cir. 2008) (citing 15 U.S.C. § 1692k(a)(3)). This Court uses the lodestar method to calculate reasonable attorneys' fees,

considering the hourly rate and the hours billed. "Courts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested. *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates. The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299.

Plaintiff's counsel submitted a Declaration of Attorneys' Fees in Support of Plaintiff's Motion for Final Judgment ("Declaration") ECF No. [11-2], in which he provided a justification of his rate of $300.00 per hour and a detailed summary of his hours expended on this matter. The Court notes that Plaintiff's counsel also included the hours expended by his staff and time entries for Amarie Gonzalez and Gloria Herrera, each at a rate of $100.00 per hour. The hours expended by Amarie Gonzalez appear to be reasonably expended on compensable tasks. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990) ("paralegal time is recoverable . . . to the extent that the paralegal performs work traditionally done by an attorney.") (internal quotation marks and citations omitted). The Court notes that the time billed by Gloria Herrera was primarily of a clerical nature and is not recoverable. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("work that is clerical or secretarial in nature is not separately recoverable.") The Court finds that the hours

expended by Plaintiff's counsel and his staff are reasonable and that the rates charged correspond to the market rates in South Florida. The Court subtracts the time entries by Gloria Herrera totaling $110.00 from the requested total of $7,880.00 and awards Plaintiff $7,770.00 in attorneys' fees.

  **ii. Costs**

Plaintiff requests $509.50 in costs. Under the FDCPA, where a party is successful in bringing an action pursuant to the statute, Defendant is liable for the costs of the action. 15 U.S.C. § 1692K(a)(3). "Although the statute does not identify the specific costs to which a plaintiff may be entitled, courts have determined that the cost award under § 1692k(a)(3) is limited to the costs allowed under 28 U.S.C. § 1920." *Figueroa*, 12-60098-CIV, 2012 WL 13134301 at *9. The costs requested include: the $402.00 filing fee, $75.00 for service of process, and $32.50 for postage on the Motion for Default and the Order on Default both of which were mailed to Defendant. The Plaintiff is entitled to recover the filing fee and the cost of service of process. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921"); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011) (courts have concluded that § 1920(1) permits the recovery of the filing fee). Section 1920 does not provide for the taxation of postage, so Plaintiff will not be compensated for the requested postage costs. Plaintiff can recover $477.00 in costs.

**IV. CONCLUSION**

For the reasons stated, the Court finds that Plaintiff is entitled to statutory damages under, and attorneys' fees and costs under. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [11]**, is **GRANTED in part and denied in part**. The Court will enter final judgment by separate order.

Case No. 22-cv-22691-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Capital Link Management LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301